# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

IN RE: THE PETITION OF THE
PENNSYLVANIA PRISON SOCIETY,
BRIAN MCHALE, JEREMY HUNSICKER,
CHRISTOPHER AUBRY, MICHAEL
FOUNDOS, AND FREDERICK LEONARD,
ON BEHALF OF ALL SIMILARLY
SITUATED INDIVIDUALS,

      Petitioners

: No. 70 MM 2020
:
:
:
:
:
:
:
:
:
:

## ORDER

**PER CURIAM**

 **AND NOW,** this 3rd day of April, 2020, the "Application for Extraordinary Relief under the Court's King's Bench Jurisdiction," asking this Court to invoke King's Bench jurisdiction and direct the President Judges of the Commonwealth to order, *inter alia,* the immediate presumptive release of specified categories of incarcerated persons to prevent the spread of COVID-19 in the county correctional institutions, is **DENIED**; nevertheless, pursuant to Rule of Judicial Administration 1952(A) and the Pennsylvania Supreme Court's constitutionally conferred general supervisory and administrative authority over all courts and magisterial district judges, *see* PA. CONSt. art V, § 10(a), this Court DIRECTS the President Judges of each judicial district, or their judicial designees, to engage with other county stakeholders to review immediately the current capabilities of the county correctional institutions in their district to address the spread of COVID-19.

 The Court further explains and DIRECTS as follows:

 The potential outbreak of COVID-19 in the county correctional institutions of this Commonwealth poses an undeniable threat to the health of the inmates, the correctional

staff and their families, and the surrounding communities. Accordingly, action must be taken to mitigate the potential of a public health crisis. We acknowledge that in some of the Commonwealth's judicial districts, judges, district attorneys, the defense bar, corrections officials, and other stakeholders are currently engaged in a concerted, proactive effort to reduce the transmission of the disease in county correctional institutions and surrounding communities through careful reduction of the institutions' populations and other preventative measures.[1] In light of Petitioners' allegations that not all judicial districts containing county correctional institutions have so responded, there remains the potential of unnecessary overcrowding in these facilities which must be addressed for the health and welfare of correctional staffs, inmates, medical professionals, as well as the general public.

We emphasize, however, that the immediate release of specified categories of incarcerated persons in every county correctional institution, as sought by Petitioners, fails to take into account the potential danger of inmates to victims and the general population, as well as the diversity of situations present within individual institutions and communities, which vary dramatically in size and population density. Nevertheless, we recognize that the public health authorities, including the Centers for Disease Control and Prevention and the Pennsylvania Department of Health, continue to issue guidance on best practices for correctional institutions specifically and congregate settings generally to employ preventative measures, including social distancing, to control the spread of the disease.

We DIRECT the President Judges of each judicial district to coordinate with relevant county stakeholders to ensure that the county correctional institutions in their

---

[1] We further acknowledge the efforts of the Pennsylvania Department of Corrections and others to address similar issues in the State Correctional Institutions.

districts address the threat of COVID-19, applying the recommendations of public health officials, including the CDC's Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities (Mar. 23, 2020).[2] If utilization of public health best practices is not feasible due to the population of the county correctional institutions, President Judges should consult with relevant county stakeholders to identify individuals and/or classes of incarcerated persons for potential release or transfer to reduce the current and future populations of the institutions during this health crisis with careful regard for the safety of victims and their communities in general, with awareness of the statutory rights of victims, and with due consideration given to public health concerns related to inmates who may have contracted COVID-19. Moreover, consistent with these above considerations, President Judges are to undertake efforts to limit the introduction of new inmates into the county prison system.

Additionally, the Application for Leave to Intervene, or in the Alternative, Application for Leave to File *Amicus Curiae* Answer in Opposition to Petitioners' Extraordinary Jurisdiction Application filed by Marsy's Law for Pennsylvania, LLC and Kelly Williams is **DENIED** as to the request to intervene and **GRANTED** as to the application to file an *amicus curiae* answer in opposition.

Chief Justice Saylor files a Concurring Statement in which Justices Todd, Dougherty and Mundy join.

---

[2] The CDC's Guidelines are available at https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html.